```
                                                    FILED
                                                 BILLINGS DIV.

                                              2005 DEC 12  AM 10 33

                                              PATRICK E. DUFFY, CLERK
                                              BY _____
                                                    DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Cause No. CR 02-76-BLG-JDS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **DOUGLAS MERRIL NIELSEN,** | ) | **O R D E R** |
| | ) | \* \* \* \* \* |
| Defendant. | ) | |

### I. PRELIMINARY SCREENING

Defendant Douglas Merrill Nielsen (Mr. Nielsen) moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. He asserts one ground for doing so. Pursuant to the second paragraph of 28 U.S.C. § 2255, the Court must conduct a preliminary review of the motion to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *See* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

## I.  BACKGROUND

On July 30, 2003, Mr. Nielsen was convicted of one count of Possession With Intent to Distribute Methamphetamine in violation of 21 U.S.C. §841 (a) (1). On June 9, 2004 the Ninth Circuit Court of Appeals affirmed Mr. Nielsen's conviction. *See* U.S. v. Nielsen, 371 F.3d 574 (9th Cir. 2004). Mr. Nielsen now seeks relief under Section 2255 to vacate set aside or correct his sentence. Mr. Nielsen asserts that he has been denied effective assistance from his counsel. Mr. Nielsen was represented , at all times relevant to this proceeding, by Mr. Ronald J. Yengich, Esq. of Salt Lake City, Utah.

## II.  INEFFECTIVE ASSISTANCE OF COUNSEL.

Mr. Nielsen seeks relief under Section 2255 by alleging his trial attorney offered "bad advice". Specifically, Mr. Nielsen argues that his attorney would not allow him to admit his guilt and thus he was denied an acceptance of responsibility reduction in his sentencing. Mr. Nielsen states that the Court failed to ask him if he had anything he wanted to say during his sentencing. Mr. Nielsen submits an affidavit wherein he states that he wanted to accept responsibility but his attorney instructed him numerous times throughout the pendency of the proceedings that he was never to admit guilt and never to apologize to any person. (*See Aff. Of Douglas M. Nielsen*). As a result, Mr. Nielsen did not receive any points under U.S.S.G. § 3E1.1 for acceptance of responsibility. Furthermore, Mr. Nielsen has supplied the Court with an Affidavit from his attorney Mr. Yengich which states that due to the appeal, he advised Mr. Nielsen not to discuss the circumstances of his involvement in the matter. See (*Aff. of James Yengich* ¶ 3) . In addition, Mr. Yengich states that his advice to Mr. Neilsen was that they would still seek acceptance of responsibility because, "Mr. Neilsen did not take the stand in court and deny responsibility". Id. at ¶ 4.

The United States Supreme Court has recognized that "the right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771, n. 14, 90 S.Ct. 1441, 1449, n. 14, 25 L.Ed.2d 763 (1970). To prevail on his claim of ineffective assistance of counsel, Mr. Nielsen is required to show that his attorney's representation fell below an objective standard of reasonableness and that and that any deficiencies in counsel's performance were prejudicial. *See* United States v. Thomas, 417 F.3d 1053, 1056 (9th Cir.2005) *citing* Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The Ninth Circuit Court of Appeals considered a similar case in U.S. v. Armenta, 11 Fed.Appx. 916 (9th Cir. 2001). In Armenta the defendant contended that his counsel's advice not to accept responsibility at his sentencing hearing constituted ineffective assistance of counsel. Id. at 917. The Government argued that the advice given to Armenta was coherent trial strategy and his counsel advised him not to accept responsibility so that he would avoid making admissions that might prove problematic in the event that he obtained a retrial. Id.

The Armenta Court applied the standard set forth in Strickland to determine the reasonableness of an attorney's actions including the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." and "the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 918 *quoting* Strickland at 689., 104 S.Ct. 2052 . The Court ultimately concluded that Armenta had not overcome those presumptions and his counsel's advice to not accept responsibility so that he would avoid making admissions that might haunt him in a retrial could be regarded as sound trial strategy. Id.

In accordance with the reasoning set for in Armenta, this Court finds that Mr. Nielsen's counsel's advise to not accept responsibility or make admissions of guilt could equally be

3

regarded as sound trial strategy. Indeed, in the event Mr. Nielsen prevailed in his appeal any admissions of guilt could have had a detrimental effect on a possible retrial. Consequently, given the rigorous standard set forth in Strickland, Mr. Neilson fails to show the Court how his attorney's representation fell below an objective standard of reasonableness.

## V. CONCLUSION

There are no questions of fact that require resolution in an evidentiary hearing. Mr. Nielsen is not entitled to relief on any of the grounds set forth in his motion or brief.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Mr. Neilson's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. # 65) is **DENIED**.

2. The Clerk of Court shall ensure that all pending motions regarding this defendant are mooted in this case and in Cause No. CV 05-78-BLG-JDS and shall close the civil file.

DATED this 8th day of December, 2005.

Jack D. Shanstrom
Senior United States District Judge

4